CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/14/2022
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| RAPHAH JONES | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 6:22CV00006 |
| OFFICER JESTINA BARBER | ) ) ) |
| Defendant. | ) ) |

# COMPLAINT

Plaintiff Raphah Jones ("Mr. Jones or Plaintiff"), by counsel, hereby submits his Complaint seeking judgment against Defendant Officer Jestina Barber ("Officer Barber"). In support of his claim for relief against Officer Barber, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over Mr. Jones' 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (4). This Court has supplemental jurisdiction over Mr. Jones' state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Mr. Jones' claims occurred in the Western District of Virginia.

3. Assignment to the Lynchburg Division of the Western District of Virginia is proper under Western District of Virginia Local Rule 2(a)(6) because a substantial part of the acts and omissions giving rise to Mr. Jones' claims occurred in the County of Buckingham.

## PARTIES

4. At all times relevant, Mr. Jones is and was a citizen of the United States and a resident of the Commonwealth of Virginia.

5. At all times relevant, Officer Jestina Barber is and was a resident and domiciliary of the Commonwealth of Virginia and a correctional officer at Buckingham Correctional Center ("BCC"). At all times relevant, Officer Barber acted under color of state law. Officer Barber is sued in her individual capacity.

## FACTUAL ALLEGATIONS

6. At all times relevant to this lawsuit, Officer Barber was employed as a correctional officer at Buckingham Correctional Center ("BCC").

7. At all times relevant to this lawsuit, Plaintiff was an inmate at BCC.

8. On January 6, 2021, Plaintiff was gathering trash from the area around his housing pod.

9. At the time, Officer Barber was in an enclosed booth. The door to that booth had a slot through which correctional officers and inmates communicate and exchange paperwork.

10. Plaintiff approached the enclosed booth, pushed the slot open with his right hand, and asked Officer Barber for permission to gather the trash from inside the booth.

11. Officer Barber responded by intentionally, suddenly, and violently kicking a chair towards the door, which caused the slot to slam shut on Plaintiff's hand.

12. After the incident, Officer Barber verbally assaulted Plaintiff and told him that she did not care that she had hurt him.

13. As a result of Officer Barber's actions, Plaintiff sustained a mildly comminuted 5th metacarpal fracture in his right hand. Plaintiff's injury went largely untreated for a week before he was transferred to the VCU emergency department.

14. The medical provider discussed a possible future surgery, which Mr. Jones has not yet received. Mr. Jones returned to VCU to receive further evaluation. The medical provider

determined that a surgical repair could further damage his hand, leaving Mr. Jones with a permanent injury.

15. Plaintiff Jones exhausted his administrative remedies, and Defendant Barber was terminated from her employment with Buckingham Correctional Center as a result. Ex. 1

16. On June 9, 2021, Plaintiff filed a complaint in the Circuit Court for Buckingham County arising out of this same occurrence. Ex. 2

17. The Compliant named Jasmine Barber which, unbeknownst to Plaintiff, was a misnomer for Jestina Barber.

18. Plaintiff voluntarily nonsuited his Complaint pursuant to Virginia Code § 8.01-380 on December 8, 2021. Ex 3.

19. This lawsuit follows.

## COUNT I
### Gross Negligence

20. Mr. Jones incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

21. At all times relevant to this action, Defendant Barber owed Mr. Jones a general duty to use reasonable care under the circumstances, so as not to injure others.

22. Defendant Barber grossly breached this duty, and showed no care to Mr. Jones, by recklessly and violently, kicking the chair towards Mr. Jones, negligently slamming his hand in the mail slot, and was otherwise grossly negligent.

23. Defendant's gross negligence and gross negligence per se are proximate causes of Mr. Jones' injuries and damages.

24. As a result of Defendant's gross negligence, Mr. Jones was grievously injured and was otherwise damaged as set forth below.

## COUNT II
### 42 U.S.C. § 1983 – Cruel and Unusual Punishment Effectuated by Excessive Force in Violation of the Eighth and Fourteenth Amendment

25. Mr. Jones incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

26. At all relevant times to this action, Mr. Jones, a citizen of the United States and the Commonwealth of Virginia, had a clearly established right under the Eighth Amendment, made applicable to the states through the Fourteenth Amendment, to be free from cruel and unusual punishment effectuated through the use of excessive force.

27. At all relevant times, Defendant Barber applied excessive force against Mr. Jones maliciously and sadistically, when Mr. Jones was not violating any prison rule and was not acting disruptively.

28. Defendant Barber did not apply the force in a good faith effort to maintain or restore discipline.

29. Through her actions set forth herein, Defendant, while acting under color of state law, employed excessive force, by intentionally smashing Mr. Jones' hand in violation of his Eighth and Fourteenth Amendment rights.

30. As a result of Mr. Jones's interaction with Defendant, he was forced to incur unnecessary medical costs due to the injury he suffered, as well as the damages more specifically addressed in the "Damages" section below

31. Defendant's use of excessive force on Plaintiff establishes a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of compensatory damages and punitive damages in the amount to be established at trial, as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT III – BATTERY

32. Plaintiff realleges the foregoing paragraphs of this pleading as if fully set forth herein.

33. Officer Barber unlawfully battered Plaintiff when, without any provocation, she forcefully shoved a chair towards the door slot where Plaintiff had placed his hand and caused the door slot to shut on Plaintiff's hand.

34. Officer Barber intentionally shoved the chair in Plaintiff's direction, intending to make contact with his person.

35. In doing so, Officer Barber committed an unwanted and unlawful touching upon Plaintiff.

36. This touching was without Plaintiff's consent, without excuse, and without any legal justification.

37. Specifically, any reasonable officer would know that it was unlawful to physically assault an individual who was not engaged in violent activity and who did not present an imminent threat to others.

38. By virtue of Officer Barber's unlawful battery of Plaintiff, Plaintiff suffered physical injury, mental anguish, and emotional harm, and was forced to incur unnecessary medical expenses.

## COUNT IV – ASSAULT

39. Plaintiff realleges the foregoing paragraphs of this pleading as if fully set forth herein.

40. Officer Barber acted in a manner that placed Plaintiff in reasonable fear of imminent physical injury.

41. Specifically, Officer Barber intentionally and forcefully shoved a chair towards the door slot where Plaintiff had placed his hand.

42. Officer Barber carried out her actions with the intent to place Plaintiff in reasonable fear of imminent physical injury.

43. Because of Officer Barber's actions, Plaintiff was placed in reasonable fear of imminent physical injury.

44. As a direct and proximate cause of Officer Barber's intentional acts, Plaintiff suffered substantial mental anguish and emotional harm.

## DAMAGES

45. As a direct result of Defendant's unconstitutional and tortious conduct as set forth above, Plaintiff suffered economic, physical, and emotional injuries and damages, including:

    a. Past, present, and future physical pain, mental anguish and trauma, emotional pain, torment, and suffering;

    b. Permanent physical injury, disability, and disfigurement;

    c. Past, present, and future shame, fright, mortification, embarrassment, humiliation, and loss of dignity;

    d. Past and future medical expenses;

46. Further, Mr. Jones respectfully asks that this Court award him expenses that he reasonably incurs in this litigation, including reasonable attorneys' fees and expert fees, pursuant to 42 U.S.C. § 1988(b) and (c).

WHEREFORE, Plaintiff Raphah Jones demands judgment against Defendant Jestina Barber for compensatory and exemplary damages in amounts to be set by the jury, together with

costs incurred in the pursuit of a just resolution of this matter, pre-judgment and post-judgment interest, and attorneys' fees.

    A JURY TRIAL IS REQUESTED

                                       Respectfully Submitted,
                                       RAPHAH JONES

                                       By: _____
                                                        Counsel

                                       Jonathan E. Halperin (VSB No. 32698)
                                       Andrew Lucchetti (VSB No. 86631)
                                       Halperin Law Center, LLC
                                       4435 Waterfront Drive, Suite 100
                                       Glen Allen, VA 23060
                                       Phone: (804) 527-0100
                                       Facsimile: (804) 597-0209
                                       jonathan@hlc.law
                                       andrew@hlc.law
                                       *Counsel for Plaintiff*